IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL LANE BREWER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-100 |
| | ) | |
| HOMER BRYSON, Commissioner, | ) | |
| Georgia Department of Corrections, and | ) | |
| SAMUEL S. OLENS, Attorney General | ) | |
| of the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner Michael Lane Brewer, an inmate at Coffee Correctional Facility in Nicholls, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising as his one ground for relief that the state trial court did not have jurisdiction to convict him. On July 14, 2015, the Court granted Petitioner permission to proceed *in forma pauperis* and directed Respondents to file a responsive pleading within sixty days of the date of service of the July 14th Order. The time to respond has not yet expired, and Respondents have not yet made an appearance.

In the meantime, Petitioner filed a motion requesting that his petition be referred for further proceedings to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. no. 5.) Among other things, the statute provides that a Magistrate Judge may conduct evidentiary hearings and submit proposed findings of fact and

recommendations for the disposition of habeas corpus petitions. See 28 U.S.C. § 636(b)(1)(B). Liberally construing Petitioner's *pro se* filing, the Court understands the filing to be a request for an evidentiary hearing.

According to Rule 8 of the Rules Governing Section 2254 Cases, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Under this standard, and because the sixty days allowed by the Court's July 14th Order directing a response to the petition has not yet expired, Petitioner's request for a hearing is premature. Because the answer, transcript and records of state-court proceedings have not been filed, the Court does not have all of the information needed to make a determination on whether a hearing is warranted. Once Respondents have filed a response in accordance with the July 14th Order, the Court will be able to make a determination as to whether a hearing should be held. Accordingly, Petitioner's premature motion requesting a hearing is **DENIED WITHOUT PREJUDICE**. (Doc. no. 5.)

Petitioner also filed a document entitled "Motion for Federal Habeas Corpus Relief Due to Lack of Subject Matter Jurisdiction as a Matter of State Law." (Doc. no. 6.) As the Court explained in its July 14th Order, Petitioner raised one ground for relief in his federal petition, namely that the trial court did not have jurisdiction to convict him. (See doc. no. 4.) Because Petitioner's argument concerning the trial court's jurisdiction to convict him has already been asserted as the basis for his request for federal habeas corpus relief (doc. nos. 1, 2), and because the Court has already directed that a response be filed to that request (doc.

2

no. 4), there is no need to re-assert the request for federal habeas corpus relief by separate motion. The Court will necessarily have to make a determination on whether Petitioner is entitled to federal habeas corpus relief once Respondents file their response in accordance with the July 14th Order. Accordingly, the Court **DIRECTS** the **CLERK** to **TERMINATE** the motion for relief from the motions report. (Doc. no. 6.)

SO ORDERED this 7th day of August, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA