IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL LANE BREWER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-100 |
| | ) | |
| HOMER BRYSON, Commissioner, | ) | |
| Georgia Department of Corrections, and | ) | |
| SAMUEL S. OLENS, Attorney General | ) | |
| of the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

_____

**O R D E R**

_____

Petitioner Michael Lane Brewer, an inmate at Coffee Correctional Facility in Nicholls, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising as his one ground for relief that the state trial court did not have jurisdiction to convict him. The matter is now before the Court on Petitioner's Motion for Leave to Supplement the Record and Motion for Docket Sheet Report. Respondents' motion to dismiss Respondent Samuel S. Olens as an improper party respondent, and a motion to dismiss the petition for lack of exhaustion are addressed in a simultaneously filed Report and Recommendation.

As to the motion to supplement the record, Petitioner has attached a copy of the transcripts of proceedings held in his pending state habeas corpus case on September 9, 2015. (Doc. no. 25.) The Rules Governing § 2254 Cases in the United States District Courts allow

expansion of the record to include additional materials, "[i]f the petition is not dismissed." Rule 7(a), Rules Governing § 2254 Cases. Expansion of the record enables courts to adjudicate some habeas corpus petitions not dismissed on the pleadings without holding an evidentiary hearing. Id., Advisory Comm. Note. Nevertheless, expansion of the record under Rule 7 is not a tool by which a federal habeas petitioner can develop a record concerning allegations of error he failed to diligently preserve in state court.

The motion to supplement is **MOOT**. (Doc. no. 25.) Petitioner attached the transcripts, and they are already on the docket and part of the record for this case. However, the Court does not accept Petitioner's characterization that the transcripts show the state habeas judge "actually partook in deliberately flouting of the Petitioner's UNOPPOSED Jurisdictional claims." (Id. at 1.) The content of the transcripts speaks for itself, and the Court will determine the meaning and relevance of any pertinent portions thereof, including establishing that certain proceedings in Petitioner's state habeas case occurred on September 9, 2015, and to provide the Court with verification of Respondent's notice that the state habeas proceedings have been rescheduled for November 18, 2015, (see doc. no. 24).

As to the request for a free copy of the docket sheet, the Court **DENIES** that motion. (Doc. no. 26.) On August 26, 2015, United States District Judge J. Randal Hall directed the Clerk to provide Petitioner with a copy of the docket sheet "[a]s a one-time courtesy." (Doc. no. 8, p. 2.) However, Judge Hall also explained that in the future, the standard cost of fifty cents per page would apply to requests for copies of filings. Petitioner is responsible for keeping up with the progression of his case. Respondents are already required to serve

Petitioner with copies of their filings, and the Clerk of Court already serves Petitioner with copies of rulings entered by the Court. Thus, Petitioner is not entitled to another free copy of the docket.

SO ORDERED this 13th day of November, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA