IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL LANE BREWER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     CV 115-100 |
| | ) |
| HOMER BRYSON, Commissioner, | ) |
| Georgia Department of Corrections, and | ) |
| SAMUEL S. OLENS, Attorney General | ) |
| of the State of Georgia, | ) |
| | ) |
| Respondents. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254. Before the Court are (1) Respondents' motion to dismiss Respondent Samuel S. Olens as an improper party respondent, and (2) Respondents' motion to dismiss the petition for lack of exhaustion. (Doc. nos. 12, 13.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that both motions to dismiss be **GRANTED**, that Respondent Olens be **DISMISSED** from this case, and that this petition be **DISMISSED** for lack of exhaustion.

### I.     BACKGROUND

A jury sitting in the Superior Court of Richmond County, Georgia, found Petitioner guilty of two counts of committing an act of child exploitation through the use of a computer or electronic device, in violation of O.C.G.A. § 16-12-100.2(d)(1), and the convictions were affirmed on appeal. Brewer v. State, 762 S.E.2d 622, 623 (Ga. App. 2014), *cert. denied*,

S15C0014 (Ga. Feb. 2, 2015). Although Petitioner failed to disclose it on his current federal habeas petition, he filed a state habeas corpus petition in Coffee County Superior Court on February 26, 2015, with numerous amendments filed after submission of the original petition. (Doc. no. 14, Resp. Exs. 3-9.) Notably, ground ten of the state habeas corpus petition challenges the trial court's subject matter jurisdiction. (Id., Resp. Ex. 9.) The state habeas case was originally scheduled for a hearing on September 9, 2015, but upon motion of the respondent, the hearing was continued until November 18, 2015. (Id., Resp. Exs. 14-15; doc. no. 23, Resp. Ex. 16; see also doc. no. 25, State Habeas Tr., Sept. 9, 2015.)

In the meantime, Petitioner also filed a "Memorandum and Motion to Set Aside Judgment for Lack of Jurisdiction" in the trial court on May 26, 2015. (Doc. no. 23, Resp. Ex. 17.) In that motion, Petitioner again alleges, as he has in his amended state habeas petition, that the trial court did not have jurisdiction to try and convict him of the charges for which he is currently incarcerated. (Id.) That motion has not yet been ruled upon. State v. Brewer, Case No. 2013RCCR00322 (Richmond County Superior Court Mar. 5, 2013), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2013RCCR00322, last visited Nov. 13, 2015).

In a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 dated June 26, 2015, and filed by the Clerk of Court on July 6, 2015, Petitioner raised as his one ground for relief that the state trial court did not have jurisdiction to convict him. (Doc. no. 1.) He notably left blank the question on the federal petition as to whether he had any petition or appeal pending in any court as to the judgment under attack. (Id. at 8.) The Court directed a response to the petition be provided, and Respondents filed the two motions to dismiss now

before the Court, one seeking dismissal of an improperly named Respondent and one seeking dismissal of the petition for failure to exhaust state remedies. (Doc. nos. 12, 13.)

When faced with the motion to dismiss based on a failure to exhaust, Petitioner argues that the state habeas judge has refused to hear his subject matter jurisdiction claim, and in any event, no state court can be expected "to legitimately rule on such matter with said issue being clearly a FEDERAL QUESTION." (Doc. no. 19, p. 2 (emphasis in original); see also doc. no. 18, p. 2; doc. no. 24.) In addition to opposing the motion to dismiss, Petitioner has filed numerous, repetitive documents in support of his petition, all of which are of no help to Petitioner in these proceedings unless he shows that the motion to dismiss for lack of exhaustion is without merit. (See doc. nos. 2, 6, 16, 21.)

## II.   DISCUSSION

### A.   Attorney General Olens Is Not a Proper Respondent.

Petitioner names Homer Bryson, Commissioner of the Georgia Department of Corrections, and Samuel S. Olens, Attorney General of Georgia, as Respondents. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over Petitioner. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to the cited provision explain that the proper person to be named is either the person having custody over the applicant or the chief officer in charge of the state's penal institutions. The Advisory Committee Notes to Rule 2 further

3

explain that the state officer having custody of the petitioner is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated.

Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that if a petitioner is not yet in custody but may be taken into custody in the future pursuant to the contested state-court judgment, the petition should name the attorney general. The Notes further explain that the state attorney general is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole.

As Petitioner is incarcerated at a "private prison" that is operated by a corporation pursuant to a contract with the Georgia Department of Corrections, Homer Bryson, as the officer in charge of Georgia's penal institutions, see O.C.G.A. § 42-2-6, is a proper Respondent. However, because Petitioner is challenging the convictions for which he is currently incarcerated, Attorney General Olens is not a proper Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); see also Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996) ("[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.")

Petitioner acknowledges in his petition that he does not have a future sentence to serve after he completes the sentence imposed by the judgment under attack. (Doc. no. 1, p. 8.) Nor does he offer any substantive argument as to why the Attorney General should not be dismissed. Petitioner simply states in conclusory fashion "that all of the Respondents' Motions to include – to dismiss Samuel S. Olens as a Party to be DENIED" [sic]. (Doc. no.

4

24, p. 2.) The motion to dismiss Attorney General Olens as an improper Respondent should therefore be **GRANTED**, (doc. no. 13), and he should be dismissed from this case.

### B. The Petition Should Be Dismissed.

#### 1. The Exhaustion Requirement.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.").

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement. Id. In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (quoting Ga. Sup. Ct. R. 40).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition, and therefore, the stay and abeyance procedure is inapplicable.

### 2. Petitioner Failed to Exhaust State Remedies.

Petitioner does not contest his failure to exhaust state remedies. Rather he claims that he should not be required to exhaust state court remedies because (1) the state habeas court has already indicated that it will not consider his current federal claim, which Petitioner raised as an amendment to his state habeas petition, and (2) in any event, the state courts cannot be expected to rule fairly. Neither assertion has merit.

Because the state habeas court has not yet held an evidentiary hearing to consider the merits of Petitioner's claims, let alone issued a ruling, there is no way to know what claims will or will not be addressed. Moreover, by providing the transcripts from the September 9, 2015, state habeas proceedings, Petitioner himself has provided the conclusive information undercutting his claim that his current federal claim will not be considered during the state habeas proceedings. (See doc. no. 25.)

According to Petitioner, the transcripts show the state habeas judge "actually partook in deliberately flouting of the Petitioner's UNOPPOSED Jurisdictional claims." (Id. at 1.) They show no such thing. Rather, the transcripts show there was a discussion about whether the respondent had received Petitioner's amendment raising his jurisdictional claim. (Id., State Habeas Tr., pp. 1-10.) The respondent's counsel stated she would respond to the claim, when she received her copy. (Id. at 10-11.) The state habeas court then granted a continuance until November 18, 2015. (Id. at 13.) No rulings on any claims were made at the September 9, 2015 proceeding. In fact, the state habeas judge specifically stated that he was "not going to proceed on anything today." (Id. at 10.) Thus, Petitioner has not received any ruling on any of his state habeas claims, let alone a definitive decision that his jurisdictional claim which is the subject of the current federal petition will not be considered.

To the extent Petitioner opposes the motion to dismiss on the grounds of alleged irregularities with the manner in which the state habeas proceeding have been conducted, his argument misses the mark. As the Eleventh Circuit has explained, "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004). Thus, the manner in which the state proceedings have been conducted have no bearing on whether the federal petition should be dismissed.

As to the second claim that the state courts cannot be expected to rule fairly on his claim, that argument fails to excuse Petitioner from the exhaustion requirement. Only in rare circumstances may a federal habeas court deviate from the exhaustion requirement, such as in

cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Petitioner offers absolutely nothing to support his conclusory allegation that the state courts will not rule fairly on his petition. Moreover, as described above, the state courts must

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

be given an opportunity to consider Petitioner's claim. Thus, Petitioner's conclusory "Motion for Application of and a Finding that the State Corrective Process Is Ineffective to Protect the Rights of the Petitioner," filed before the state habeas hearing on the substance of his claims commenced, is without merit and should be denied. (Doc. no. 27.) Petitioner has simply decided for himself, without ever giving the state habeas court a chance to rule, let alone providing substantiated evidentiary proof, that his rights will not be analyzed in accordance with the law.

However, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Petitioner filed his pending state habeas corpus case in February 2015, and he did not raise the claim which forms the basis of his federal petition as an amendment to this state petition until May 2015. The respondent in the state proceedings has been granted one continuance of just over two months.

Moreover, Petitioner's contention that the state courts cannot be expected to fairly rule on his federal constitutional claim does not excuse him from exhaustion, as the law is clear that a state prisoner raising a federal constitutional claim must first raise the issue properly in state court. Henderson, 353 F.3d at 891. Indeed, the exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). The Court finds nothing in the record justifying deviation from the exhaustion requirement.

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). Indeed, Petitioner acknowledges there is an exhaustion requirement but requests this Court ignore it because he simply wants to skip over the state courts in favor of federal court. This, the law does not allow. Accordingly, the motion to dismiss for lack of exhaustion should be granted.

### 3. The Issue of Procedural Default Need Not Be Resolved to Decide the Petition Should Be Dismissed for Lack of Exhaustion.

However, the Court specifically declines to rule on Respondent's argument that Petitioner's sole federal claim is procedurally defaulted. (Doc. no. 12-1, p. 5.) One of the ways a federal habeas petitioner runs afoul of procedural default rules is when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998). To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999).

Given the procedural posture of the pending state habeas proceedings, the Court need not go so far as Respondent suggests and determine that Petitioner has procedurally defaulted

11

his current federal habeas corpus claim to decide that the motion to dismiss should be granted. Subsequent to filing the motion to dismiss and supporting brief in this Court on September 4, 2015, the aforementioned state habeas proceedings convened. At those proceedings, the parties were able to resolve that Petitioner had in fact filed an amendment to his state petition raising his lack of jurisdiction argument. (Doc. no. 25, State Habeas Tr., pp. 1-10.) Moreover, the respondent's counsel stated her intention to respond to the amendment. (Id. at 10-11.)

As explained above, the state habeas court specifically refused to go forward on any of Petitioner's ten grounds for state habeas relief, and the entire matter was re-scheduled for November 18, 2015. Nor is it possible to predict what other issues might arise at the November 18th proceedings. At this point, there is no way to know how, or on what basis, the state habeas court will rule on Petitioner's claims for relief. Therefore, in the interest of comity, this Court should not make any rulings on procedural default, or the possibility of Petitioner's ability to show cause and prejudice to excuse any potential procedural default.

Likewise, because the federal petition is due to be dismissed because of the pending state habeas corpus proceedings, the Court need not decide what impact, if any, the pending "Memorandum and Motion to Set Aside Judgment for Lack of Jurisdiction," filed in the trial court on May 26, 2015, has on the exhaustion issue. Indeed, the supplemental briefing from both sides on the trial court motion acknowledges that the exhaustion issue hinges on the pending state habeas proceedings, not the pending motion in the trial court. (See doc. no. 22, pp. 4-5; see generally doc. no. 24.) Thus, the information in Petitioner's affidavit filed prior to his supplemental briefing concerning his filings in the Superior Court of Richmond

12

County, (see doc. no. 6), is not germane to deciding the instant motion to dismiss for lack of exhaustion.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the "Motion for Application of and a Finding that the State Corrective Process Is Ineffective to Protect the Rights of the Petitioner" be **DENIED**, (doc. no. 27), that both motions to dismiss be **GRANTED**, (doc. nos. 12, 13), that Respondent Olens be **DISMISSED** from this case, that this petition be **DISMISSED** for lack of exhaustion, that an appropriate final judgment be **ENTERED**, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of November, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA