IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL LANE BREWER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-100 |
| | ) | |
| HOMER BRYSON, Commissioner, | ) | |
| Georgia Department of Corrections, and | ) | |
| SAMUEL S. OLENS, Attorney General | ) | |
| of the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 34.) The Magistrate Judge recommended taking the following actions with respect to this petition filed pursuant to 28 U.S.C. § 2254: (1) denying the "Motion for Application of and a Finding that the State Corrective Process Is Ineffective to Protect the Rights of the Petitioner"; (2) granting the motion to dismiss Respondent Olens; (3) granting the motion to dismiss for lack of exhaustion without making a decision on procedural default based on the pendency of state habeas proceedings; and, (4) closing this case upon entry of an appropriate final judgment. (See doc. no. 29.) Petitioner objects to the legal determination that he is not now entitled to the federal habeas corpus relief he seeks, but he also asks that the Court reject the Magistrate Judge's recommendation and simply dismiss his petition without prejudice.

Nothing in Petitioner's objections undermines the Magistrate Judge's reasoned analysis in the Report and Recommendation. Moreover, the request to dismiss without prejudice is moot. The Magistrate Judge specifically declined to rule on the procedural default issue, (see doc. no. 29, pp. 11-13), and thus there has been no ruling on the merits of Petitioner's claim that the state courts had no jurisdiction to convict him. When a habeas petition is dismissed based simply on a failure to exhaust, the dismissal is without prejudice, and a petitioner may refile the action. Day v. Benton, 346 F. App'x 476, 479 (11th Cir. 2009). Simply put, any future federal habeas petition will again be reviewed under the Anti-Terrorism and Effective Death Penalty Act of 1996, but nothing in this dismissal order is an automatic bar to Petitioner pursuing his current claim in federal court once he has exhausted the claim in state court.

Accordingly, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES** the "Motion for Application of and a Finding that the State Corrective Process Is Ineffective to Protect the Rights of the Petitioner," (doc. no. 27), **GRANTS** both motions to dismiss, (doc. nos. 12, 13), **DISMISSES** Respondent Olens from the case, and **DISMISSES** the petition without prejudice for lack of exhaustion.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter an appropriate final judgment.

SO ORDERED this 6th day of January, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3